FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARMANDO HERNANDEZ, JR., <br> Petitioner, <br> v. <br> JIM McDONALD, warden, <br> Respondent. | Case No. CV 14-01398 AN <br><br> MEMORANDUM AND ORDER |

## I. INTRODUCTION

On February 24, 2014, *pro se* petitioner Armando Hernandez filed his pending habeas petition ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). The Petition [1], including the attached pages, is not consecutively numbered as required by Local Rule 11-2.2. For convenience and clarity, the Court cites to the pages of the Petition by referring to the pagination furnished by the Court's official CM/ECF electronic document filing system.

Hernandez is the only party who has appeared in this action and he has filed a written consent [3] to the Magistrate Judge's jurisdiction. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118-21 (9th Cir. 2012)(magistrate judge had jurisdiction to dismiss action where prisoner consented and was the only party to the action).

///

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### B. Analysis

After carefully considering the Petition, pursuant to the Court's duty to screen § 2254 petitions before service, the Court finds it must be dismissed because it plainly appears that Hernandez is using the Petition to challenge the conditions of his confinement, not the legality or duration of a state conviction and related prison sentence. (Petition at 2, 11-12.)

Specifically, the Petition reflects Hernandez is currently being detained at the La Palma Correctional Center, in Eloy, Arizona ("LPCC"). (Pet. at 2.) The LPCC is a medium-security facility for males that is operated by the Corrections Corporation of America. The Petition specifies the reason for Hernandez's detention is "assault with firearm; use of automatic weapon during commission of crime." (*Id.*) Hernandez states that January 29, 2008, is the date of his conviction and sentence that he sustained in the California Superior Court for Los Angeles County (case no. MA040421-01) (*Id.*). The Petition raises five grounds for relief as follows: (1) "prison officials have validated petitioner as a prison gang affiliate and place him in the ASU/SHU based on false, unreliable and insufficient information violating equal protection and due process under state and federal constitution"; (2) "prison officials have validated petitioner as an active prison gang affiliate and retained in the ASU/SHU based on false, unreliable and insufficient information violating 5th, 8th and 14th Amend[ments]"; (3) "prison officials are enforcing prison gang regulations that have not been promulgated pursuant to governing administrative, state and federal laws violating equal protection 14th Amend[ment]"; (4) "prison officials have a policy and practice of placing prisoners in the ASU/SHU based on mere allegations of gang affiliation,

rather than for misconduct in violation of cruel and unusual punishment violating 8th Amend[ment]"; and (5) "prison officials enforce vague and overboard regulations that infringe upon petitioner's free and innocent speech and conduct, violating 1st and 14th Amend[ments]" (*Id.* at 11-12.) As for relief, Hernandez does not seek release from his custody. Instead, he fundamentally requests this Court to issue various orders, allow discovery and an evidentiary hearing, and order Respondent to change the ASU/SHU policies and practices. (*Id.* at 16.)

**1.     The Petition must be dismissed since it is directed at Hernandez's conditions of confinement rather than the legality or duration of his custody arising from his state conviction or sentence.**

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition).

Further, a district court only has jurisdiction to consider a § 2254 petition that is brought by a person in state custody pursuant to a state judgment of conviction or sentence who claims his state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). It plainly appears from the Petition that Hernandez is challenging the conditions of his confinement, not the legality or duration of an underlying state conviction and sentence. Therefore, the Court finds the Petition is subject to summary dismissal pursuant to Habeas Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005) ("Under Habeas Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.")

**2.     The Court declines to construe the Petition as a civil rights complaint.**

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S.

249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), it chooses not to do so here for the following reasons.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP") must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions to use the Court-approved civil rights complaint form, which contains instructions that are tantamount to general orders of this Court and require the inmate to "attach copies of papers related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

Hernandez's Petition and IPF application are not prepared on this Court's approved forms, which are currently Civil Rights Complaint Form (CV-066) and Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-060P). Further,

Hernandez has not agreed in writing to pay the required $350.00 filing fee to file a prisoner civil rights complaint. Nor has he authorized prison officials to withdraw funds from his prison trust account to make installment payments on the $350.00 filing fee for a § 1983 action. Under the circumstances, the Court finds it would be unreasonable to simply presume that Hernandez would continue to pursue this action if he knew he would ultimately be obliged to pay the $350.00 regardless of the outcome, and that his prisoner trust account would be debited until the entire fee was paid in full. In this regard, the Court finds it also inappropriate to construe Hernandez' Petition as a prisoner civil rights complaint because the allegations also fail to state a cognizable § 1983 claim.

Based upon the foregoing, the Court finds it is inappropriate to construe the petition as a civil rights complaint and declines to do so.

### III. Conclusion

For the reasons set forth above, the petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: March 6, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE